UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CARL NORRED,<br>    ET AL.<br>        Plaintiffs<br><br>VS.<br><br>RADIATOR SPECIALTY COMPANY.<br>    ET AL.<br>        Defendants | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | CIVIL ACTION NO. 2:14-cv-00936<br><br>SECTION:    "G"<br><br>Judge Nannette Jolivette Brown<br><br>Magistrate Judge Karen Wells Roby |

## THE DOW CHEMICAL COMPANY'S THIRD-PARTY COMPLAINT

**COMES NOW**, The Dow Chemical Company ("TDCC"), made a defendant in this matter, appearing herein as Third-Party Plaintiff for purposes of asserting this demand and, pursuant to 28 U.S.C. § 2201, seeking declaratory relief determining its rights and responsibilities under its contract with Third-Party Defendant, Turner Industries Group, L.L.C, as successor in interest to Nichols Construction Corporation and as successor in interest to National Maintenance Corporation, and without waiving its previously-filed answer, denials of liability, and affirmative defenses, including the defense of improper venue,[1] respectfully asserts as follows:

1.

Made Third-Party Defendant herein is Turner Industries Group, L.L.C., a limited liability company organized and existing under the laws of Louisiana.

2.

This court has supplemental jurisdiction over Turner Industries Group, L.L.C. pursuant to 28 U.S.C. § 1367(a), because TDCC's claims for indemnity against Turner Industries Group,

---

[1] The defense of improper venue was first raised by TDCC in its Motion to Transfer Venue. *See* Rec. Doc. 7.

L.L.C. are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3.

TDCC brings its claim for declaratory judgment under both Federal Rule of Civil Procedure 57 and 28 U.S.C. §§2201 and 2202.

4.

Plaintiffs in the main demand, Carl Norred and Janifer Norred ("Plaintiffs"), have alleged that Carl Norred contracted multiple myeloma caused by occupational exposure to benzene and benzene-containing substances at TDCC's Plaquemine, Louisiana facility ("TDCC Plaquemine") from 1970 through 1987.

5.

Carl Norred was employed by Nichols Construction Corporation and by National Maintenance Corporation during the time when Plaintiffs allege Mr. Norred was occupationally exposed to benzene and benzene-containing products at TDCC Plaquemine.

6.

On information and belief, Nichols Construction Corporation entered into a contract with TDCC pursuant to which Nichols Construction Corporation would provide construction and maintenance services to TDCC at TDCC Plaquemine.

7.

On further information and belief, as a term of its contract with TDCC, Nichols Construction Corporation agreed to defend and indemnify TDCC against a range of claims and losses, including those of the types alleged by Plaintiffs in the instant matter.

8.

All of the work that Carl Norred performed at TDCC Plaquemine while he was an employee of Nichols Construction Corporation was as a part of Nichols Construction Corporation's performance of its obligations under the terms of its contract with TDCC.

9.

By the terms of the contract between TDCC and Nichols Construction Corporation, TDCC is entitled to defense and indemnity from Nichols Construction Corporation in this matter regardless of any ultimate assignment of fault to TDCC, which is expressly denied.

10.

On information and belief, Nichols Construction Company, L.L.C. has succeeded to the liabilities of Nichols Construction Corporation.

11.

On information and belief, Turner Industries Group, L.L.C. has succeeded to the liabilities of Nichols Construction Company, L.L.C. and is the entity subject to claims for defense and indemnity with respect to the liability of Nichols Construction Corporation. Accordingly, TDCC is entitled to defense and indemnity from Turner Industries Group, L.L.C. in this matter regardless of any ultimate assignment of fault to TDCC, which is expressly denied.

12.

National Maintenance Corporation entered into contracts with TDCC pursuant to which National Maintenance Corporation would provide construction and maintenance services to TDCC at TDCC's Plaquemine, Louisiana facility.

13.

As a term of the contracts between National Maintenance Corporation and TDCC, National Maintenance Corporation agreed to defend and indemnify TDCC against a range of claims and losses, including those of the types alleged by Plaintiff in the instant matter.

14.

All of the work that Carl Norred performed at TDCC Plaquemine while he was an employee of National Maintenance Corporation was as a part of National Maintenance Corporation's performance of its obligations under the terms of its contracts with TDCC.

15.

By the terms of the contract between TDCC and National Maintenance Corporation, TDCC is entitled to defense and indemnity from National Maintenance Corporation in this matter regardless of any ultimate assignment of fault to TDCC, which is expressly denied.

16.

On information and belief, National Maintenance Holding Company, L.L.C. has succeeded to the liabilities of National Maintenance Corporation.

17.

On information and belief, Turner Industries Group, L.L.C. has succeeded to the liabilities of National Maintenance Holding Company, L.L.C.

18.

On information and belief, Turner Industries Group, L.L.C. has succeeded to the liabilities of Turner Industries Group, L.L.C. and is the entity subject to claims for defense and indemnity with respect to the liability of National Maintenance Corporation. Accordingly,

TDCC is entitled to defense and indemnity from Turner Industries Group, L.L.C. in this matter regardless of any ultimate assignment of fault to TDCC, which is expressly denied.

19.

TDCC denies the allegations asserted against it by Plaintiffs in the main demand and denies any and all liability to Plaintiffs or to any other party in this case.

20.

There is an actual controversy of sufficient immediacy and concreteness relating to the legal rights and duties of TDCC and its legal relationship with the Third-Party Defendant, Turner Industries Group, L.L.C., to warrant relief under 28 U.S.C. § 2201.

21.

While denying any and all liability to Plaintiffs, TDCC has a contractual right to a defense in this matter from Turner Industries Group, L.L.C.  Further, in the unlikely event TDCC is found to be liable to Plaintiffs, TDCC asserts that it has a contractual right to indemnification from Turner Industries Group, L.L.C. for any and all amounts for which TDCC may be cast in judgment, as well as a right to contribution from any other co-defendant cast in judgment, and a right to receive credits and/or set offs for the virile shares of any and all entities with whom Plaintiffs may settle.

22.

While denying any and all liability to Plaintiffs, on October 14, 2014, TDCC tendered its defense and indemnity in this matter to Turner Industries Group, L.L.C.  Prior to and since that date, TDCC incurred and paid for costs and fees to defend itself in this matter.  Turner Industries Group, L.L.C. has breached its contractual obligations to TDCC by not honoring its obligation to defend TDCC for the claims asserted by Plaintiffs against TDCC in this matter.

**WHEREFORE, PREMISES CONSIDERED**, Third-Party Plaintiff, The Dow Chemical Company, prays and respectfully requests that, after due proceedings are had, this Honorable Court declares TDCC's rights under its contract with Third-Party Defendant, Turner Industries Group, L.L.C., and there be judgment in TDCC's favor finding that Third-Party Defendant, Turner Industries Group, L.L.C., owes TDCC defense and indemnity pursuant to the contractual agreements between TDCC and Nichols Construction Corporation and between TDCC and National Maintenance Corporation.

TDCC further prays, without admitting, but expressly denying, any liability to Plaintiffs in the main demand, for judgment against the Third-Party Defendant, Turner Industries Group, L.L.C., for any and all liability assigned to TDCC in the event that TDCC is held liable unto Plaintiffs in the main demand, and for all other equitable and legal relief as the case may permit and as the law may allow.

Respectfully submitted,

**COTTEN, SCHMIDT & ABBOTT, L.L.P.**

/s/ Charles H. Abbott
CHARLES H. ABBOTT (27930)
RYAN C. WALLIS (28259)
ERIN WEDGE LATUSO (31560)
SARAH PERKINS REID (33311)
650 Poydras Street, Suite 2810
New Orleans, Louisiana 70130
Telephone:  504/568-9393
Facsimile:   504/524-1933

**Attorneys for The Dow Chemical Company**

## CERTIFICATE OF SERVICE

    I hereby certify that on December 1, 2014, a copy of the above and foregoing was electronically filed with the Clerk of Court using the CM/ECF system and that same will be served to the all counsel of record through the CM/ECF system.

                                        /s/ Charles H. Abbott
                                        **CHARLES H. ABBOTT**